UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD WILLIAM KIPPS,** | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-1564 |
| v. | : | (JUDGE MANNION) |
| **MARGARET STINAVAGE-KIPPS**, | : | |
| Defendant. | : | |

## MEMORANDUM

Presently before the court is an appeal by Ronald William Kipps ("Kipps" or "Appellant") of an order from the Bankruptcy Court dated September 30, 2022. In this order, Judge Conway sustained objections to the Fifth Amended Plan, denied confirmation of the Fifth Amended Plan without leave to amend, overruled the objection to Claim No. 5, and granted relief from the automatic stay. (Doc. 4-11). The Appellant filed a brief in support, (Doc. 6). The Trustee filed a brief in opposition, (Doc. 7), which the Appellee joined, (Doc. 8). The Appellant then filed a reply brief, (Doc. 9).

### I. Background

On April 22, 2019, Ronald William Kipps ("Kipps"), filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code. At the time of this filing, Kipps and Margaret Stinavage-Kipps ("Stinavage") were parties to

a pending divorce proceeding in the Court of Common Pleas in Susquehanna County (No. 2012-2213-CP). An Equitable Distribution Order ("2017 Equitable Distribution Order") was entered on March 10, 2017. The 2017 Equitable Distribution Order awarded real property in Pennsylvania and New York to Stinavage. Kipps appealed this order to the Pennsylvania Superior Court, which affirmed the order. Kipps then filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, which was denied on February 4, 2019.

The State Court held a hearing on April 25, 2019 regarding Stinavage's Motion to Compel conveyance of the real property from the 2017 Equitable Distribution Order. This hearing resulted in the State Court directing the Susquehanna County Prothonotary to execute deeds in her favor and schedule a criminal contempt hearing for June 18, 2019. The contempt hearing resulted in a finding of criminal contempt as to Ronald Kipps, which required him to pay a fine of $50.00 and a restitution payment to Stinavage in the amount of $2,500.00.

Throughout the Chapter 13 proceedings, the plans and schedules filed with the Bankruptcy Court indicate Stinavage is the largest creditor of the Bankruptcy Estate with $447,964.28 out of the total $453,307.68 (~99%). Kipps' initial Plans were contingent upon a favorable outcome from the

adversarial proceeding between Kipps and Stinavage. Kipps filed a Fifth Amended Plan on February 8, 2022, which was not solely based upon the outcome of the adversary proceeding. However, both the Trustee and Stinavage objected to the Fifth Amended Plan.

An Adversary Proceeding was filed by Kipps on May 24, 2019 against Stinavage for violations of the automatic stay. Kipps filed an Emergency Motion for a Preliminary Injunction on June 7, 2019. Judge Robert N. Opel held a hearing on the preliminary injunction and granted a limited preliminary injunction on June 17, 2019. Kipps was granted leave to file an amended complaint, which was subsequently filed on October 15, 2020. Stinavage filed an answer to the amended complaint on November 5, 2020. The answer was accompanied by a Motion for Relief from the automatic stay and a counterclaim. Kipps filed a motion to dismiss the relief from the automatic stay and counterclaim on November 19, 2020. The counterclaim was dismissed by the court on January 12, 2021.

On July 1, 2021, Stinavage filed a Motion for Summary Judgment. Kipps filed a Motion to Strike the summary judgment motion. The court denied the Motion to Strike. The Bankruptcy Court granted the motion for summary judgment on April 1, 2022. On April 14, 2022, Kipps filed a Motion for Reconsideration. Judge Mark Conway denied the motion for

reconsideration after a hearing on May 5, 2022. Kipps appealed the earlier motion for reconsideration, which this court recently denied.

After Kipps filed his appeal in the adversarial proceeding, there were several items pending in the bankruptcy proceeding: Kipps filed an objection to Stinavage's July 1, 2019 proof of claim on March 22, 2021; the motion for relief from the automatic stay from October 30, 2019; and the trustee's motion to dismiss the case filed on May 16, 2022. Judge Conway disposed of these matters in his September 30, 2022 opinion and order. Kipps then appealed on October 4, 2022.

## II. Standard of Review

This court has appellate jurisdiction over the appellant's appeal of the Bankruptcy Court's orders pursuant to 28 U.S.C. §158(a)(1) (The district court has "jurisdiction to hear appeals from final judgments, orders, and decrees" of a bankruptcy court). See In re Michael, 699 F.3d 305, 308 n.2 (3d Cir. 2012) ("[A] district court sits as an appellate court to review a bankruptcy court."). When a district court sits as an appellate court over a final order of a bankruptcy court, it reviews the bankruptcy court's legal determinations *de novo*, its findings of fact for clear error, and its exercise of discretion for abuse of discretion. In re Trans World Airlines, Inc., 145 F.3d

124, 131 (3d Cir. 1998); see also In re Zinchiak, 406 F.3d 214, 221-22 (3d Cir. 2005) (explaining that the district court reviews "the Bankruptcy Court's findings of fact for clear error and exercises plenary review over the Bankruptcy Court's legal determinations.").

A factual finding is clearly erroneous only if it "either is completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data." Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc., 57 F.3d 1215, 1223 (3d Cir. 1995) (internal quotation marks omitted). Findings supported by the record are not clearly erroneous, even if the record could support a different conclusion. Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

"[T]he bankruptcy court's decisions regarding the awarding of fees are reviewed for abuse of discretion." In re Engel, 124 F.3d 567, 571 (3d Cir. 1997). Similarly, "issues within the equitable discretion of a bankruptcy court should be overturned only for abuse of discretion." Gerard v. W.R. Grace & Co. (In re W.R. Grace & Co.), 115 F. App'x 565, 568 (3d Cir. 2004). Evidentiary decisions are also reviewed for abuse of discretion. See General Elec. Co. v. Joiner, 522 U.S. 136, 141-42 (1997) ("All evidentiary decisions

are reviewed under an abuse-of-discretion standard."). A court abuses its discretion when it "bases its opinion on a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." Prosser v. Gerber (In re Prosser), 777 F.3d 154, 161 (3d Cir. 2015) (internal quotation marks omitted). As a result, "[u]nder the deferential abuse of discretion standard," the bankruptcy court's decision is only reversed when it "is arbitrary, fanciful, or clearly unreasonable—in short, where no reasonable person would adopt the [bankruptcy] court's view." In re VistaCare Grp., LLC, 678 F.3d 218, 232 (3d Cir. 2012) (internal quotation marks omitted).

### III. Discussion

#### a. Cause for Extended Term of Fifth Amended Plan Under §1322(d)

Kipps argues that the Bankruptcy Court erred when it denied him an extension of his plan under §1322(d). Section 1322(d) provides:

> (2) If the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is less than—
>
>> (A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;
>>
>> (B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or

>> (C) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $825 [originally "$525", adjusted effective April 1, 2022] per month for each individual in excess of 4,
>
> the plan may not provide for payments over a period that is longer than 3 years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than 5 years.

11 U.S.C. §1322(d)(2). Kipps does not dispute that he is a "below median income" debtor for the purposes of §1332(d)(2). As a below median income debtor, §1332(d)(2) requires the plan be no longer than three years unless "cause" exists. "The issue of what constitutes a reasonable cause to extend a plan beyond three years [is] a question of fact to be decided on a case-by-case basis" In re Witt, 199 B.R. 890 (Bankr. W.D. Va. 1996). Therefore, the court reviews Judge Conway's determination for clear error.

After reviewing several cases where an extension was granted or denied, Judge Conway summarized circumstances when a Bankruptcy Court has found cause to extend a proposed plan beyond three years. (Doc. 4-11, p.10). Judge Conway explained that cause did not exist here because Kipps has delayed or avoided paying the 2017 Equitable Distribution Order. Just prior to the contempt hearing for failure to pay the 2017 Equitable Distribution Order, Kipps filed the present bankruptcy proceeding to avoid

- 7 -

the domestic obligations.[1] Judge Conway noted that Kipps has more than sufficient cash and assets to pay all pending claims. Kipps' received approximately $2,000,000.00 of cash and assets from the divorce and his Schedules indicate he has over $1.7 million in assets. (Doc. 4-11, p.13). Kipps' total debts amount to $453,307.68 with $447,964.28 of that coming from the 2017 Equitable Distribution Order for Stinavage. While Kipps' attempts to complain about delays due to the Covid-19 pandemic and different bankruptcy judges being assigned to the case, this does not impact his obligation to submit a confirmable plan. Kipps submitted six plans with incomplete information that further perpetuated the delay problems.

Kipps argues that causes exists here because the Fifth Amended Plan provides for full payment of all debts and he is voluntarily assuming this obligation. Kipps bases his argument upon In re Porter where he argues that cause to extend the plan beyond the three years specified in §1332(d) can stem from the debtor voluntarily choosing to extend the plan. 102 B.R. 773, 777 (B.A.P. 9th Cir. 1989). However, §1332(d) would be rendered effectively

---

[1] While Kipps disputes Judge Conway's categorization of "on the eve of a State Court contempt proceeding," his own statement of facts contradict his argument. On April 22, 2019, he filed the current Chapter 13 proceeding and the State Court hearing was scheduled for April 25, 2019. This hearing was based on a Motion to Compel filed with the State Court due to Kipps' failure to abide by the 2017 Equitable Distribution Order, which concluded its appeal process in February of 2019.

useless if a below median debtor could simply voluntarily elect to extend the term without any showing. Kipps argues he has made a showing by paying his debts in full by the conclusion of the proposed five-year term.

Kipps also contends that Judge Conway improperly relied upon In re Santa Maria, 128 B.R. 32. Judge Conway cites In re Santa Maria as a comparison where a debtor failed to establish cause to extend the plan term to 60 months when the debtor had sufficient income and significant assets. The court also noted that the debtor was motivated by a desire to frustrate support obligations for his dependents and render state court obligations unenforceable.

The court is unconvinced by Kipps' view of the totality of the circumstances. Kipps has not presented clear error by Judge Conway.

Kipps' attempts to cite case law supporting his argument by piecemeal selecting inapplicable cases. For example, In re Porter, 102 B.R. 773, 777 is cited for the proposition that "voluntary proposal to extend a bankruptcy plan beyond three years has been found in and of itself to constitute cause to extend the plan." (Doc. 9). However, Porter hardly stands for this. Porter dealt with a *creditor* objecting to the debtor's three-year plan. The creditor argued that the plan should be extended to five years in order to more fully compensate creditors. Thus, the court reasoned that "the better reasoned

view is that debtors must *voluntarily* choose to extend their plan beyond three years." In re Porter, 102 B.R. 773, 777 (B.A.P. 9th Cir. 1989). The debtor cannot be forced to extend their plan as "Such a requirement would, in fact, be tantamount to involuntary servitude." In re Piece, 82 B.R. 874 (Bankr. S.D. Ohio 1987). The distinction courts have made is that a debtor cannot be compelled to submit a plan longer than three years. Occurring simultaneously with this requirement is that to extend a plan beyond three years would require "compelling reasons for an extension." In re Pierce, 82 B.R. 874, 881 (Bankr. S.D. Ohio 1987). Here, there are no compelling reasons for an extension.

### b. Date for Valuation of the Property

Kipps argues that the Bankruptcy Court should upend the 2017 Equitable Distribution Order and value the property not based on when the Equitable Distribution Order was issued, but rather, when the date of distribution will be. Kipps' argument is nothing more than an ill-fated attempt to relitigate the value of the property. Plaintiff cites Sutliff v. Sutliff for the proposition, "[i]n cases where a long period of time has passed between the separation and the distribution, the court should set values as close to the distribution as possible." 543, A.2d 534 (1988). Kipps then takes a small

portion of the analysis Judge Conway discussed in an attempt to support his argument. However, Judge Conway's analysis provides the exact flaw in Kipps' argument. The Sutliff court never stated that *after* a property was set for equitable distribution that it could then be reset or changed. Judge Conway even went so far as to cite the concurring opinion in Sutliff, which explained:

> I join in the opinion of Mr. Justice Flaherty. However, I write separately to emphasize that the distribution date is the date the common pleas court enters an order of distribution, and that the disposition date of post-trial motions or appeals does not affect the use of that original date as the valuation point. Therefore, a litigant cannot contest the relative value of assets on the grounds that they substantially changed while the case was being further litigated.

Id. at 388. Judge Conway even went so far as to look to future applications of Sutliff by the Pennsylvania Superior Court. See Miller v. Miller, 617 A.2d 375 (Pa. Super. 1992). In Miller, the Superior Court, relying upon Sutliff, found that the passage of time does not mandate a new valuation of the property. Id. at 379. Kipps has not presented any case law that indicates a bankruptcy court should modify a pre-existing state distribution order. As such, the court agrees with Judge Conway's reasoning and finds the property should not be revalued at the point of distribution.

### c. Automatic Stay

Under Section §362(a), once a bankruptcy petition is filed, the protections of the section are triggered and an automatic stay against certain actions takes effect. Section 362(d) provides the means for terminating or modifying the automatic stay. Section 362(d)(a)(1) explains, "(d) On request of a party in interest and after noticed and a hearing, the court shall grant relief from the stay provided under subsection (a) of the section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

In this matter, the Bankruptcy Court determined that Stinavage is entitled to relief from the stay due to Kipps' actions to subvert Stinavage from enforcing the 2017 Equitable Distribution Order, Kipps' failure to comply with the order since its entry, and Kipps' failure to submit a confirmable plan. (Doc. 4-11, p.18).

Kipps cites In re Clark to support his argument that an unsecured domestic relations claimant who sought relief from stay had their request denied. Kipps' omits key differences between this case and Clark. In In re Clark, the court was unwilling to lift the automatic stay because a hearing on whether to lift the automatic stay was never held. Under §362(e), for the court

to terminate the automatic stay, there must be notice and a hearing on the matter. Only after notice and a hearing are held may the court terminate the automatic stay. There was no such hearing held in In re Clark. Therefore, the requirements of §362(e) were not met.

Kipps' additionally argues that the property of the estate remains under the exclusive jurisdiction of the Bankruptcy Court. Thus, the court cannot lift the automatic stay to allow Stinavage to proceed in state court to enforce the 2017 Equitable Distribution Order. However, bankruptcy courts have lifted an automatic stay and allowed an ex-spouse to proceed with the Equitable Distribution Order in state court when the debtor had sufficient assets outside of the property in question to pay creditors. See In re Claughton, 172 B.R. 12, 14 (W.D. N.C. 1993), aff'd sub nom. Claughton v. Mixson, 33 F.3d 4 (4th Cir. 1994) (finding that the court would not disturb the state Equitable Distribution Order and would lift the automatic stay because the debtor had sufficient assets to pay all of his creditors in full). Kipps possess more than sufficient assets to pay his debts independent of the property that is subject to the 2017 Equitable Distribution Order.

Kipps' failure to submit a confirmable plan after several attempts in conjunction with his continued failure to comply with the 2017 Equitable Distribution Order that arose pre-petition constitute cause under §362(d)(1).

As such, the court will grant Stinavage relief from the stay in order to pursue her non-bankruptcy legal rights pertaining to the 2017 Equitable Distribution Order.

### IV. Conclusion

In light of the foregoing, Judge Conway's Order will be affirmed. Kipps' appeal will be denied.

An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 26, 2023**
22-1564-01