**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Ronald William Kipps,** | **:** | |
| | **:** | |
| **Appellant** | | **CIVIL ACTION NO. 3:22-cv-1564** |
| | **:** | |
| **v.** | | **(JUDGE MANNION)** |
| | **:** | |
| **Margaret Stinavage-Kipps,** | | |
| | **:** | |
| **Appellee** | | |
| | **:** | |

## <u>MEMORANDUM</u>

The court considers Appellant's supplemental motion to stay pending appeal. (Doc. 18). Appellant seeks "an Order staying all proceedings pending appeal before the Third Circuit Court of Appeals." (Doc. 18 at 6). He has appealed orders in both his Chapter 13 bankruptcy proceedings and his adversary proceedings against Appellee.

## I.    BACKGROUND[1]

### A. State Court proceedings

Appellant and Appellee were parties to a divorce proceeding in the Susquehanna County Court of Common Pleas (the "State Court"). (No. 2012-2213-CP). The State Court ordered an equitable distribution which required that Appellant convey to Appellee "the parties' jointly held New York State real properties" and "the parties' jointly held 9.53 acres of real estate in Clifford Township," Pennsylvania (collectively, the "Properties"), and make an "equalization payment" of $419,871.09 to her. (Bankr. AP Doc. 82-1 §13e) (the "Equitable Distribution Order"). Appellant appealed from the Equitable Distribution Order, the Pennsylvania Superior Court affirmed, No. 924 MDA 2017, 2018 WL 3121632 (Pa. Super. Jun. 26, 2018); 193 A.3d 1113, and the

---

[1] Entries in this proceeding, (Case No. 3:22-cv-1564), are designated "(Doc.)." Entries in the Bankruptcy Court bankruptcy proceeding, (Petition No. 5:19-bk-1662), are designated "(Bankr. Doc.)." Entries in the Bankruptcy Court adversary proceeding, (Case No. 5:19-ap-64), are designated "(Bankr. AP Doc.)." Entries in the District Court proceeding related to the adversary proceeding, (Case No. 3:22-cv-898), are designated "(AP App. Doc.)." The Court of Appeals cases, which are consolidated, are Nos. 23-2307 and 23-2308.

Pennsylvania Supreme Court denied his petition for allowance of appeal. 201 A.3d 722 (Pa. 2019).

Appellant filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §1301 *et seq.*, in April 2019. (Bankr. Doc. 1). He then filed a suggestion of bankruptcy and requested a stay in the State Court divorce proceeding. (Bankr. AP Doc. 85-3 at 291). Before he filed this petition, Appellant refused to sign deeds for the Properties forwarded to him by Appellee. (Bankr. AP Doc. 82-3 at 1–2 n.1). Appellee filed a petition in the Court of Common Pleas for the Susquehanna Prothonotary to execute deeds to effectuate the transfer of real property awarded to her under the Equitable Distribution Order, and the State Court granted her petition. (Id. at 1). The State Court specifically concluded that "the execution of the deeds as required under the … equitable distribution order is a ministerial act that cannot be thwarted by the [Appellant's] obstinance prior to the filing of his bankruptcy petition or the automatic stay imposed under [11 U.S.C.] §362 upon the filing of [Appellant's] bankruptcy petition." (Id. at 1–2 n.1 (citing *In re Rugroden*, 481 B.R. 69, 79 (N.D. Cal. 2012)). The State Court also found Appellant guilty of criminal contempt, and ordered him to pay a $50 fine to the County and $2,500 in restitution to Appellee. (Bankr. AP Doc. 85-3 at 120, 304).

- 3 -

## B. Adversary proceeding

In May 2019, Appellant instituted an adversary action against Appellee, in which he averred that Appellee had violated the automatic stay by refusing to release a pre-petition levy on Appellant's bank account and by continuing to pursue assets of the Bankruptcy Estate. (Bankr. AP Doc. 1). The Bankruptcy Court granted Appellee's motion for summary judgment in the adversary proceeding, (Bankr. AP Docs. 89, 90), and subsequently denied Appellant's motion to reconsider that order. (Bankr. AP Doc. 102). Appellant appealed the Bankruptcy Court's order denying his motion for reconsideration. (AP App. Doc. 1). This court denied Appellant's appeal and affirmed the Bankruptcy Court's order. (AP App. Docs. 11, 12). Appellant filed a notice of appeal from this order to the Court of Appeals for the Third Circuit. (AP App. Doc. 13).

## C. Bankruptcy Proceeding

In the bankruptcy proceeding, Appellee filed Proof of Claim #5 in the amount of $447,964.28, based on the equalization payment included in the Equitable Distribution Order plus interest. Appellant objected to the allowance of Proof of Claim 5. (Bankr. Doc. 105).

Appellant filed a Chapter 13 Plan, (Bankr Doc. 37), followed by five successive amended plans. (Bankr. Docs. 66, 89, 93, 126, 131). Appellee objected to Appellant's Plan. (Bankr Doc. 137).

Appellee also moved for relief from the automatic stay in order to enforce her right to collect the assets owed her pursuant to the Equitable Distribution Order. (Bankr. Doc. 56). Following an evidentiary hearing, (Bankr. Doc. 152), the Bankruptcy Court sustained Appellee's objections to the Plan, denied confirmation of the Plan, overruled Appellant's objections to Appellee's Claim, and granted Appellee relief from the automatic stay. (Bankr. Docs. 160, 161).

Appellant appealed from that order to this court. (Doc. 1). The court denied Appellant's appeal and affirmed the Bankruptcy Court's order. (Doc. 10; Doc. 11). Appellant filed a notice of appeal from that order to the Third Circuit. (Doc. 14). The Court of Appeals has advised that this case will be submitted on the briefs on May 7, 2024. (COA Case No. 23-2308, Doc. 39).

### D. Motion to stay pending appeal

Appellant avers that the Susquehanna County Court of Common Pleas ordered that he list the Properties for sale, and that he has done so. (Doc. 18 ¶¶5–6). Asserting that the valuation of the Properties was erroneous, and that sale would deprive the Bankruptcy Estate of increased value, he

previously moved for a stay pending resolution of his appeal, (Doc. 15), and the court ordered that he first move for such a stay in the Bankruptcy Court as required by Fed. R. Bankr. P. 8007(a)(1)(A). (Doc. 17). Following a hearing, the Bankruptcy Court denied Appellant's motion for stay. (Bankr. Doc. 185). Appellant has now renewed his motion for stay in this court. (Doc. 18).

## II.   LEGAL STANDARD

In considering a motion to stay a bankruptcy court order pending resolution on appeal, "the following factors come into play":

> (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first two factors are "[t]he most critical," and "[t]hough both are necessary," the first is "arguably the more important" one. *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

As to that likelihood-of-success factor, "a sufficient degree of success for a strong showing exists if there is a reasonable chance, or probability, of winning." *Id.* (internal quotations omitted). "[W]hile it is not enough that the

chance of success on the merits be better than negligible, the likelihood of winning on appeal need not be more likely than not." *Id.* at 569 (internal quotations and citations omitted).

The second factor requires a demonstration that "irreparable injury is *likely*[,] not merely possible[,] in the absence of a stay"—meaning that it is "more apt to occur than not." *Id.* The likely harm to the movant is weighed against the likely irreparable harm to the stay opponent, the third factor. *Id.* Finally, the fourth factor calls for a consideration of "where the public interest lies," that is, "how a stay decision has consequences beyond the immediate parties." *Id.* (internal quotations omitted).

To undertake the district court's task, the Third Circuit has "viewed favorably what is often referred to as the 'sliding-scale' approach. *Id.* Under this approach, "the necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors." *Id.* "Stated another way, the more likely the plaintiff is to win, the less heavily need the balance of harms weigh in its favor; the less likely it is to win, the more need it weigh in its favor." *Id.* (internal quotations omitted).

> To sum up, all four stay factors are interconnected, and thus the analysis should proceed as follows. Did the applicant make a sufficient showing that (a) it can win on the merits (significantly better than negligible but not greater than 50%) and (b) will suffer irreparable harm absent a stay? If it has, we balance the relative harms considering all four factors using a

'sliding scale' approach. However, if the movant does not make the requisite showings on either of these first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and the stay should be denied without further analysis. But depending on how strong a case the stay movant has on the merits, a stay is permissible even if the balance of harms and public interest weigh against holding a ruling in abeyance pending appeal.

*Id.* at 571 (internal citation and quotations omitted).

## III. DISCUSSION

Appellant requests "an Order staying all proceedings pending appeal before the Third Circuit Court of Appeals." (Doc. 18 at 5). From Appellant's reference to "all proceedings pending appeal" the court infers that he seeks to stay both the adversary proceeding order and the bankruptcy proceeding order.

Appellant refers to an order by the State Court requiring him to sell the real estate awarded Appellee in the Equitable Distribution Order, but does not attach the order or provide the surrounding context.

He also asserts numerous legal errors, some ostensibly unrelated to the impending sale of the Properties, without any attempt to connect them to his requested stay. Appellant cites Federal Rule of Bankruptcy Procedure 8007 for the proposition that "a party can move to stay the effect of a bankruptcy court order pending a resolution on appeal." (Doc. 20 at 4). But

he does not explain how a stay of a Bankruptcy Court order would prevent the impending sale of the Properties, which sale has been compelled by a State Court order. And because he has not provided that order or its context, the connection between it and the staying of any Bankruptcy Court order is not readily apparent.

## A. Likelihood of success on the merits

Appellant advances five grounds on which he contends legal error was made. (Doc. 20 at 5–17). These pertain to the Bankruptcy Court's orders in the bankruptcy proceeding, (Bankr. Doc. 161), and in the adversary proceeding, (Bankr. AP Doc. 102), both of which he has appealed to the Third Circuit. (COA Nos. 23-2308, 23-2307). The former order overruled Appellant's objection to Appellee's proof of claim, which included the equalization payment required by the Equitable Distribution Order. In overruling Appellant's objection, the Bankruptcy Court disagreed with his contention that the Properties should have been revalued. So, because Appellant now seeks to stay the sale of the Properties on the basis that he will be deprived of their increased value, the court will assume, *arguendo*, that staying the bankruptcy proceeding order could work to prevent the sale of the Properties before the Third Circuit's decision, or at least avoid depriving his Estate of their increased value.  As to the adversary proceeding

order, Appellant identifies no harm that would flow to him if that order were not stayed pending appeal. The injury he asserts absent a stay is that the Properties will be sold before the Third Circuit can determine whether they should have been revalued, thereby preemptively depriving him of their increased value. (Doc. 20 at 16–17). No connection between a stay of the adversary proceeding order and the impending sale of the Properties is apparent.

Appellant's first, third, and fourth grounds of legal error relate to the Bankruptcy Court's order granting summary judgment in favor of Appellee in the adversary proceeding. Because Appellant has not established a harm related to denial of a stay of that order, the court need not consider his likelihood of success on these grounds.

## 1. Property of the Bankruptcy Estate

Appellant argues that the Bankruptcy Court erred when it "relied on the State Court's holding that the property at issue was not part of the Bankruptcy Estate." (Doc. 20 at 5).

Addressing Appellant's claim in the adversary proceeding that Appellee violated the automatic stay with regard to the Properties, the Bankruptcy Court noted that following Appellant's bankruptcy petition, the State Court held a hearing on Appellee's petition for execution of the deeds.

(Bankr. AP Doc. 89 at 16; Bankr. AP Doc. 85-3). 2022 WL 997795, at *9. In that hearing, the State Court found that "the deed situation … should not be stayed … because [Appellee is] the owner of the property" by way of the Equitable Distribution Order. (Bankr. AP Doc. 85-3 at 4). It added that the Properties "wouldn't be part of the bankruptcy estate at all" and that Appellant still retained legal title to them "only because of his willful misconduct in refusing to comply with this Court's Order." (Id. at 4–6).

In its subsequent order granting Appellee's petition, the State Court stated that "[s]tate courts have concurre[nt] jurisdiction with the federal bankruptcy courts as it relates to determining the applicability of the automatic stay imposed under 11 U.S.C. §362. (Doc. 82-3 at 1 n.1 (citing *Pa. Dep't of Env't Res. v. Ingram*, 658 A.2d 435, 438 (Pa. Commw. Ct. 1995)).

The Bankruptcy Court opined that the State Court had "correctly found that it had concurrent jurisdiction to determine the applicability of the automatic stay imposed under §362" of the Bankruptcy Code. (Bankr. Doc. 89 at 17). 2022 WL 997795, at *9. As to the State Court's conclusion that the Properties were property of the estate, the Bankruptcy Court explained that "[r]egardless of whether the State Court was correct in its statement that the Debtor's interest was extinguished by the 2017 Equitable Distribution Order, the State Court correctly determined that the automatic stay did not

apply to ministerial tasks and ordering the Prothonotary to execute the deeds was ministerial." (Id. at 19). 2022 WL 997795, at *10.  It added that "[g]iven the pre-petition 2017 Equitable Distribution Order directing conveyance of the Property to [Appellee], and the [Appellant's] 'gamesmanship,' clearly the Property was awarded to the [Appellee] in 2017 and should have been conveyed." (Id. at 20). On reconsideration, the Bankruptcy Court again "agree[d]" with the State Court "that the Prothonotary's execution of the deeds was a ministerial act which was not barred by the automatic stay." (Bankr. AP Doc. 102 at 5).  The court also noted that under similar facts, a bankruptcy court has found that a valid constructive trust was imposed in favor of an ex-spouse over property awarded in the divorce and that such property is not property of the bankruptcy estate. (Id. at 5 n.4 (citing *In re Delauro*, 207 B.R. 412 (Bankr. D. N.J. 1997)).

Because this ground relates to the adversary proceeding order, the court does not consider Appellant's likelihood of success.

## 2.  Valuation of subject property

Appellant avers that at the time of the Equitable Distribution Order, the State Court valued the Properties at $324,000. (Doc. 20 at 7). But a March 23, 2020 appraisal reported prepared by Armstrong Appraisals, LLC at Appellant's request valued the properties at $697,000. (Bankr. AP Doc. 85-

3 at 134–35).  He represents that the increased value is due to his "upkeep and substantial improvements" to the Properties during the intervening period. (Doc. 20 at 7).

In the bankruptcy proceeding, Appellant objected to Appellee's proof of claim on the ground that it "fail[ed] to take into account … the increase in value of the assets … which increase in value should further reduce any allowed claim" of [Appellee]. (Bankr. Doc. 105 ¶26). The Bankruptcy Court disagreed, noting that Appellant had provided no authority for a bankruptcy court to "change[] the value of a final state court equitable distribution award." (Bankr. Doc. 160 at 15–16). 645 B.R. at 722. On appeal, this court agreed with the Bankruptcy Court's reasoning. (Doc. 10).

Appellant again offers no authority for the proposition that a bankruptcy court may modify an equitable distribution order made by a state court. His reliance on holdings pertaining to the proper date of valuation of bankruptcy estate property[2] is misplaced, for he was not asking the Bankruptcy Court merely to value the property, he was requesting that it modify the State

---

[2] *See* Doc. 20 at 6–7 (first citing *In re Simeone*, 214 537, 546 (Bankr. E.D. Pa. 1997) ("[R]eal properties in issue should be valued as of the date of distribution rather than the date of separation."), and then citing *In re Heritage Highgate, Inc.*, 679 F.3d 132, 143 n.9 (3d Cir. 2012) ("The value of the property should be determined as of the date to which the valuation relates.").

Court's Equitable Distribution Order by *re*-valuing the property, and accordingly reduce her equalization payment. So the court cannot conclude that he has established any likelihood of success on this ground.

### 3. Deed execution order

Appellant next argues that the State Court violated the automatic stay by ordering the Susquehanna County Prothonotary to execute the deeds to the Properties to effect the transfer required by the Equitable Distribution Order. (Doc. 20 at 8–9).

The automatic stay is not violated by "purely ministerial" actions. *In re Soares*, 107 F.3d 969, 974 (1st Cir. 1997); *Rexnord Holdings v. Bidermann*, 21 F.3d 522, 528 (2d Cir. 1994); 3 Collier on Bankruptcy §362.03[3][e].

Considering Appellee's petition for the Prothonotary to execute deeds to the Properties, the State Court noted that the equitable award of those properties to her had been appealed through the Pennsylvania courts and so was at that point "a final order and [Appellant's] entitlement to ownership of that real property ha[d] been established." (Doc. 82-3 at 1–2 n.1). It concluded that "[g]iven the facts presented in this case, the execution of the deeds as required under the March 10, 2017 equitable distribution order is a ministerial act that cannot be thwarted by defendant's obstinance prior to the filing of his bankruptcy petition or the automatic stay." In the adversary

- 14 -

proceeding, (in which Appellant alleged that Appellee had violated the automatic stay by requesting execution of the deeds, (Bankr. AP Doc. 1 ¶12)), the Bankruptcy Court agreed with the State Court's conclusion, (Bankr. AP Doc. 89), 2022 WL 997795 at *10, it agreed again on reconsideration, (Bankr. AP Doc. 102 at 4–5), and this court affirmed. (AP App. Doc. 11 at 6).

Because this ground relates to the adversary proceeding order, the court does not consider Appellant's likelihood of success.

### 4. State Court contempt proceedings

Appellant asserts that the State Court contempt proceedings against him were in violation of the automatic stay. (Doc. 20 at 9–13). As a result of the contempt finding, he was required to pay $2,500.00 in remedial damages to Appellee and a fine of $50.

In the adversary proceeding, Appellant appears to have suggested that Appellee's pursuit of the assets resulted in the contempt proceedings, and had therefore violated the automatic stay. (Bankr. AP Doc. 1 ¶¶14–15). In the adversary proceeding, the Bankruptcy Court, finding it "questionable to construe the Amended Complaint as asserting a proper cause of action against [Appellee] for violating the stay with respect to the contempt proceedings in the State Court action," also concluded that the contempt

- 15 -

proceedings were not in violation of the automatic stay. (Bankr. AP Doc. 89 at 20–22). 2022 WK 997795, at *11–12.

Because this ground relates to the adversary proceeding order, the court does not consider Appellant's likelihood of success.

### 5. Extended Chapter 13 Plan

Finally, Appellant contends that the Bankruptcy Court erred in denying confirmation of his Fifth Amended Chapter 13 Plan. (Doc. 20 at 13–17).

Appellant's Fifth Amended Plan called for payments over the course of 60 months. (Bankr. Doc. 131 at 2). Noting that as a "below median income" debtor, Appellant was required to establish cause to confirm a plan proposing payments exceeding 36 months, *see* 11 U.S.C. §1322(d)(2), the Bankruptcy Court concluded that Appellant had failed to establish cause. (Bankr. Doc. 160 at 13). 645 B.R. at 720–721. This court affirmed the Bankruptcy Court's decision. (Doc. 10 at 6–10).

The issue of reasonable cause to extend a plan is one of fact. *In re Witt*, 199 B.R. 890, 892 (W.D. Va. 1996). A bankruptcy court's findings of fact are reviewed for clear error at both the district court and court of appeals levels. *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998). So the Third Circuit will review the Bankruptcy Court's determination regarding cause for clear error.

Appellant suggests that cause existed because he needed more than 3 years to pay creditors. (Doc. 20 at 16). He simply notes that, according to his Plan, if payment only lasted 3 years, creditors would not be paid in full (Id.). But he does not now explain why his Plan could not have included greater payments in those 3 years. Nor does he explain why the Bankruptcy Court's conclusion was clear error. He has therefore established no likelihood of success on this ground.

## IV.   CONCLUSION

Because the court finds that Appellant has established no likelihood of success on his appeal of the Bankruptcy Court's order in the bankruptcy proceeding, and no irreparable injury absent a stay of the Bankruptcy Court's adversary proceeding order, it need not consider the other sliding scale factors. The court concludes that a stay is not warranted. An appropriate order will issue.

S/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 23, 2024**
22-1564-02

- 17 -